24CA1714 Peo v Cook 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1714
Teller County District Court No. 97CR15
Honorable William H. Moller, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

John Henry Cook,

Defendant-Appellant.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE WELLING
Schock and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lindsey Parlin, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1 Defendant, John Henry Cook, appeals the postconviction court's order denying his Crim. P. 35(c) motion challenging his 1998 sentence of life without parole for his felony murder conviction as unconstitutionally disproportionate. We affirm.

## I. Background

¶ 2 In 1997, Cook, along with a codefendant, lured the victim, a massage therapist, to the trailer where Cook was staying with his son and daughter-in-law. The victim was later found strangled to death in her car. According to the prosecution's evidence, Cook told his son that he and his codefendant were planning on robbing someone, asked his son to get him a gun, and told his son and daughter-in-law not to be at the trailer the next night. Upon learning that his son had spoken to the victim's husband, who was concerned about her disappearance, Cook told his son that he'd "take care of it." Cook and his codefendant left the state the day after meeting with the victim.

¶ 3 Following a trial, the jury acquitted Cook of first degree murder after deliberation but found him guilty of felony murder and robbery. The trial court sentenced Cook to life in prison without parole, the mandated sentence for the felony murder conviction,

and to a concurrent twenty-four-year prison sentence for the robbery conviction.

¶ 4     On appeal, a division of this court affirmed Cook's felony murder conviction. However, the division vacated the robbery conviction and habitual criminal adjudication because the robbery conviction merged into the felony murder conviction and the habitual criminal counts were tied only to the robbery conviction. *See People v. Cook*, 22 P.3d 947 (Colo. App. 2000).

¶ 5     In October 2022, Cook filed a pro se motion seeking a proportionality review of his sentence based on the 2021 legislative changes to the felony murder statute. Appointed counsel later supplemented that motion. In the supplemental motion, Cook argued that his life without parole sentence was categorically unconstitutional based on evolving societal norms, as exemplified in the 2021 legislative changes that reclassified felony murder from a class 1 felony to a class 2 felony, effective September 15, 2021, making the maximum penalty forty-eight years in prison, not life without parole. He specifically indicated that he wasn't suggesting that the court sentence him under the new felony murder statute. Rather, he argued that, in conducting a proportionality review, the

court should take into consideration the legislative changes made to the felony murder statute when assessing the gravity of the offense relative to the harshness of the sentence.

¶ 6    Following a hearing, the postconviction court denied the motion. In its order, the postconviction court noted that, because the statutory changes were prospective only, Cook isn't entitled to receive the benefit of the change in classification for felony murder. The court then conducted an abbreviated proportionality review. Relying on the analysis in *People v. Sellers*, 2022 COA 102, ¶ 65, (*Sellers I*), *aff'd on other grounds*, 2024 CO 64 (*Sellers II*), the court found that Cook's offense contributed to the death of another, and, under *Sellers I*, it constitutes a per se grave or serious offense. Further, considering the legislative changes that now make it punishable as a class 2 felony, the court concluded that, as in *Sellers I*, the sentence Cook received is not grossly disproportionate, and therefore, Cook isn't entitled to an extended proportionality review.

## II.    Discussion

¶ 7    Cook contends that the postconviction court erred when it failed to resentence him in accordance with the current felony

murder statute after conducting a proportionality review. We disagree.

### A. Statutory Change to Felony Murder Classification Is Prospective Only

¶ 8    To the extent Cook argues that the postconviction court should have resentenced him under the current felony murder statute, we reject that argument.

¶ 9    Cook committed his offense in January 1997. At that time, felony murder was a class 1 felony. § 18-3-102(1)(b), C.R.S. 1996. As such, the minimum sentence was life in prison without the possibility of parole. § 18-1-105(1)(a)(V)(A), (4), C.R.S. 1996.

¶ 10    In 2021, the General Assembly reclassified felony murder as a class 2 felony and explicitly provided that the reclassification only applies to offenses committed on or after September 15, 2021. Ch. 58, secs. 2, 6, § 18-3-103, 2021 Colo. Sess. Laws 236, 238. As a result, the maximum length of a sentence for this offense was lowered to forty-eight years. § 18-1.3-401(1)(a)(V)(A.1), (8)(a)(I), C.R.S. 2021. Because the reclassification is prospective only, Cook isn't entitled to resentencing for a class 2 felony. *Cf. People v. Stellabotte*, 2018 CO 66, ¶ 38 (ameliorative, amendatory legislation

4

applies retroactively to nonfinal convictions, unless the amendment contains language indicating it applies only prospectively).

### B.    Proportionality

¶ 11    Cook argues that the postconviction court erred by concluding that his sentence was not constitutionally disproportionate.  We disagree.

#### 1.    Standard of Review and Proportionality Principles

¶ 12    We review de novo whether a sentence is grossly disproportionate to the offense in violation of the Eighth Amendment and article II, section 20, of the Colorado Constitution. *Wells-Yates v. People*, 2019 CO 90M, ¶ 35.

¶ 13    Both the United States Constitution and the Colorado Constitution provide that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII; Colo. Const. art. II, § 20. Embodied in the Eighth Amendment is the principle that punishment for a crime must be proportionate to the offense. *Graham v. Florida*, 560 U.S. 48, 59 (2010).  Proportionality under the Eighth Amendment falls within two general categories: (1) categorical challenges to the sentence and (2) challenges to the

excessiveness of a particular punishment for a particular offender. *Sellers II*, ¶ 18.

¶ 14     When reviewing a categorical challenge, we look first to any objective indicia of society's standards to determine whether there is a national consensus against a particular sentencing practice. *Id.* at ¶ 20. Then, we exercise our own independent judgment to determine whether the punishment in question violates the Constitution. *Id.* at ¶ 21.

¶ 15     In reviewing the proportionality of a sentence, the Eighth Amendment does not require strict proportionality between the crime and sentence. *Id.* at ¶ 39. It only forbids extreme sentences that are grossly disproportionate to the crime. *Id.* Rarely will a sentence be deemed so extreme that it is grossly disproportionate to the crime. *Wells-Yates*, ¶ 5.

¶ 16     A proportionality review to determine whether a sentence is unconstitutionally disproportionate to the offense involves two steps: (1) an abbreviated proportionality review and (2) an extended proportionality review. *Id.* at ¶ 10. The abbreviated proportionality review compares the (1) gravity or seriousness of the offense with the (2) harshness of the sentence imposed. *Sellers II*, ¶ 44.

¶ 17　　Regarding the gravity or seriousness of an offense, certain crimes are considered per se grave or serious. *Id.* at ¶ 48. For per se grave or serious offenses, we jump directly to the second part to assess the harshness of the sentence. *Id.*

¶ 18　　Only if the abbreviated proportionality review gives rise to an inference of gross disproportionality does the court conduct an extended proportionality review. *Id.* at ¶ 45. "[A]n abbreviated proportionality review will almost always yield a finding that the sentence is not unconstitutionally disproportionate." *Wells-Yates*, ¶ 21.

### 2.　　Cook's Sentence Isn't Categorically Unconstitutional

¶ 19　　Cook claims that, given the reclassification of felony murder to a class 2 felony with a maximum possible sentence of forty-eight years instead of life in prison, his sentence is categorically unconstitutional. We disagree.

¶ 20　　"We review de novo the constitutionality of statutes." *Sellers II*, ¶ 16.

¶ 21　　In *Sellers II*, our supreme court rejected the argument that a life without parole sentence for felony murder that was entered prior to the 2021 legislative changes to the felony murder statute

7

was categorically unconstitutional. The court, considering the objective indicia of society's standards, concluded that a life without parole sentence for felony murder for an adult offender isn't categorically unconstitutional under either the United States or Colorado Constitution. *Id.* at ¶¶ 2, 19-37. Further, the court "perceive[d] no basis for overriding the law in effect at the time [the defendant] committed the offenses that mandated [a life without parole] sentence for felony murder or the clear legislative declaration applying the reclassification of [life without parole] only to offenses committed after September 15, 2021." *Id.* at ¶ 35.

¶ 22    Because we are bound by *Sellers II*, we reject Cook's claim that his life without parole sentence is categorically unconstitutional. *See People v. Woo*, 2025 COA 77, ¶ 35 (the court of appeals is bound by Colorado supreme court precedent).

### 3.    Cook's Sentence Doesn't Raise an Inference of Gross Disproportionality

¶ 23    Cook also asserts that the postconviction court should have modified his sentence "to coincide with the new felony murder sentencing laws based on an appropriate proportionality review," and he requests that we remand the case for the postconviction

8

court to conduct an extended proportionality review. We construe this argument as a claim that the postconviction court erred in failing to conduct an extended proportionality review because Cook's life without parole sentence is grossly disproportionate to his crime when considering that the legislature reclassified felony murder as a class 2 felony and that felony murder is a strict liability offense without a mens rea. We perceive no error in the postconviction court's finding that Cook's sentence wasn't grossly disproportionate, and thus, he wasn't entitled to an extended proportionality review.

¶ 24    In *Sellers I*, the division concluded that felony murder was a per se grave or serious offense. *Sellers I*, ¶ 66. In so holding, the division rejected the defendant's claim that the reclassification of felony murder affected the gravity or seriousness of the offense. *Id.* And on certiorari review, the supreme court left that holding undisturbed. *See Sellers II*, ¶ 49. We agree that felony murder is per se grave and serious, at least when the predicate offense is per se grave and serious and the defendant is separately convicted of

the predicate per se grave and serious offense, as Cook was here.[1]

*See Wells-Yates*, ¶ 64 (holding that robbery is a per se grave or serious offense "because it will always involve knowing conduct and grave harm (or the threat of grave harm) to the victim or society (or both)"); *cf. Sellers I,* ¶ 65 (holding that "[f]elony murder is a per se grave or serious offense because it necessarily involves committing a violent predicate felony that results in the death of a person"). Thus, we conclude that Cook's felony murder conviction is a per se grave or serious offense.

¶ 25    Having so concluded, we don't address Cook's claim that the facts and circumstances of the crime are not grave or serious because his codefendant admitted to murdering the victim.  *See Wells-Yates*, ¶ 13.  Instead, we address the second subpart of the abbreviated proportionality review and consider the harshness of Cook's sentence.  *See id.*

---

[1] Because the issue isn't before us, we offer no opinion as to whether felony murder is a per se grave or serious offense either when the predicate felony isn't per se grave or serious or when the defendant isn't separately convicted of the predicate felony.  *See, e.g., People v. Coahran,* 2019 COA 6, ¶ 23 n.1 (declining to address an issue "because it's not necessary to do so to resolve the case before us").

10

¶ 26    We acknowledge that life without parole is a harsh sentence. But we can't conclude that a life without parole sentence is grossly disproportionate to the per se grave and serious felony murder Cook was convicted of committing. *See Sellers II,* ¶¶ 51-53. Indeed, the jury's verdict established that Cook committed the robbery that resulted in the death of the victim. Although life without parole is the harshest sentence that Colorado law currently authorizes, § 18-1.3-401(1)(a)(V.5)(A), C.R.S. 2025, as our supreme court recognized in *Sellers II,* "sentencing certain defendants who have committed felonies to [life without parole] does not necessarily run afoul of the Eighth Amendment." *Sellers II,* ¶ 52 (citing *Harmelin v. Michigan,* 501 U.S. 957, 994-96 (1991)). And we can't say that Cook's life without parole sentence is one of the rare cases requiring us to conclude that the sentence is unconstitutional or grossly disproportionate to the crime that he committed. *See Wells-Yates,* ¶ 21 (noting that abbreviated proportionality reviews will almost always result in a finding that the sentence is not unconstitutionally disproportionate).

¶ 27    Accordingly, we affirm Cook's sentence without the need for an extended proportionality review.

11

## III. Disposition

The order is affirmed.

JUDGE SCHOCK and JUDGE LUM concur.